Ruffin, C. J.
 

 The Court thinks the objection good.— A recovery in ejectment will not support an action for
 
 mesne
 
 profits; for it is trespass for an injury to the possession, and, therefore.it is necessary the plaintiff should show, that he had regained the possession, either by being put in upon process, or let in. In this case, that is not shown. We cannot conjecture, why the ejectment was tried as it was. Rut so it is, that the verdict and judgment are on the count on Robert Poston’s demise, and the writ of possession accords with them. In fact, however, Robert Poston has never been in under those proceedings; and, without further evidence of the connection between that person and Jones, the Court cannot presume that Jones was the agent of Poston to receive the possession. • It is true, they were both lessors of the plaintiff in ejectment. But that was by separate demises of the whole and imports several titles; so that it cannot be seen, that the possession of one of them is that of the other, and consequently the present action cannot be maintained, and it becomes unnecessary to consider the other points made.
 

 Per Curiam. Judgment reversed and
 
 venire de
 
 nouo.